# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN DOSS,<br><br>            Plaintiff,<br><br>    v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>            Defendant.<br>_____/ | Case No. 1:20-cv-00907-BAK (SKO)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S DISCOVERY MOTIONS**<br><br>(Docs. 26, 27) |

## I. INTRODUCTION

On June 1, 2022, the deadline for non-expert discovery, Plaintiff Justin Doss ("Plaintiff") filed motions seeking to: (1) extend or, in the alternative, reopen, discovery; and (2) take 21 additional depositions (the "Motions"). (Docs. 26, 27.) The parties filed their "Joint Statement re Discovery Disagreement" directed to the Motions, as required by this Court's Local Rule 251, on June 22, 2022 (the "Joint Statement"). (Doc. 28.) The Court reviewed the parties' papers and all supporting material and found the matter suitable for decision without oral argument. The hearing set for July 6, 2022, was therefore vacated. (Doc. 30.)

Having considered the Joint Statement and its exhibits, and for the reasons set forth below, Plaintiff's Motions will be granted in part.

///

///

## II.     BACKGROUND

On April 21, 2020, Plaintiff filed this action for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and declaratory relief against Defendant Hartford Life and Accident Insurance Company ("Defendant") in Kern County Superior Court. (*See* Doc. 1-1.) This suit arises from the denial of benefits under a disability policy (the "Policy") issued to Plaintiff by Defendant. (*See* Doc. 1-1.) Defendant removed the action based on diversity jurisdiction on June 30, 2020. (*See* Doc. 1.)

On September 22, 2020, the Court entered a Scheduling Order in this case. (Doc. 14.) The parties subsequently filed stipulations to modify the Scheduling Order on June 30, 2021, October 1, 2021, and February 4, 2022, which the Court granted. (*See* Docs. 18, 19, 21, 22, 24, 25.) As currently set, the case schedule is as follows: the non-expert discovery deadline expired on June 1, 2022; the expert disclosures deadline expired on July 1, 2022; the rebuttal expert disclosures deadline expired on July 22, 2022; the expert discovery deadline expired on August 22, 2022; the motion-filing deadline expired on September 6, 2022; the pre-trial conference is November 15, 2022; and the trial is January 9, 2023. (Doc. 25.)

According to the Joint Statement, the parties began discussing Plaintiff's request for additional depositions in December 2021; Defendant declined to stipulate to the request. (Doc. 28 at 2–3.) The parties were engaged in settlement discussions between January and March 2022. (*Id.* at 3.) The parties' February 4, 2022 stipulation to modify the Scheduling Order indicates that they were trying to schedule several depositions, including nine depositions noticed by Plaintiff. (Doc. 24 at 2.)

On May 9, 2022, Plaintiff's counsel emailed Defendant's counsel, requesting to take 21 additional depositions, consisting of 19 fact depositions of Defendant's employees or persons-most-knowledgeable and two expert witnesses. (Doc. 28 at 3.) Defendant again declined to stipulate. (*Id.*) The parties discussed additional stipulations over the telephone once more on May 23, 2022, but were unable to reach a resolution. (*Id.*) Plaintiff filed the instant Motions on June 1, 2022. (Docs. 26, 27.)

### III.   DISCUSSION
#### A.   Plaintiff Has Not Demonstrated Good Cause to Modify the Scheduling Order as to Seeking Non-Expert Depositions

Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order "only for good cause." Rule 16(b)'s good cause inquiry focuses primarily on the movant's diligence. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000). To demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: "(1) that [he] was diligent in assisting the Court in creating a workable Rule 16 order; (2) that [his] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal.1999) (citations omitted).

Plaintiff seeks to take nineteen additional non-expert depositions, and two expert depositions. The Court finds that Plaintiff was not diligent in seeking to take additional non-expert depositions. Plaintiff has known since December 2021 that he would likely require leave from the Court to take the additional non-expert depositions, consisting mostly of Defendant's employees, as that is when Defendant first declined to stipulate to his request. (Doc. 28 at 2–3.) This became even more apparent in February 2022, when Plaintiff noticed at least nine depositions (out of the ten allotted as a matter of course under Federal Rule of Civil Procedure 30), and Defendant had still not changed its position on Plaintiff's request for additional depositions. (Doc. 24 at 2.) Despite knowing that it would take considerable time to get nineteen additional depositions scheduled, Plaintiff waited until the day non-expert discovery closed to file the instant Motions with the Court. *See, e.g.*, *MD Helicopters Inc. v. Boeing Co.*, No. CV-17-02598-PHX-JAT, 2019 WL 350757, at *2 (D. Ariz. Jan. 29, 2019) ("[W]aiting until two weeks from the close of discovery to schedule the deposition of a witness who is out of the country is a decision counsel makes at his or her peril; in other words, the Court's scheduling order is not bearing the risk that the deposition does not proceed as scheduled."). While the Court appreciates Plaintiff's effort to communicate with Defendant to

resolve the issue by stipulation, "an attempt to obtain a stipulation does not constitute good cause." *Jackson*, 186 F.R.D. at 609 n.6. Plaintiff has also failed to demonstrate that modifying the Scheduling Order would be justified due to reasonably unforeseeable circumstances or "new and previously unavailable information." *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996); *Jackson*, 186 F.R.D. at 609. Therefore, the Court denies Plaintiff's motion to extend, or alternatively, reopen, discovery to take additional non-expert depositions.

As the Court finds that Plaintiff has failed to show good cause to modify the scheduling Order as to the non-expert depositions, Plaintiff's request for leave to take those additional depositions is moot. *See, e.g.*, *MD Helicopters*, 2019 WL 350757, at *2 ("[T]he request to extend the discovery deadline to allow the discovery deposition of Deponent is denied. As a result, the request for letters rogatory is moot."). Even assuming Plaintiff had shown good cause to reopen discovery, Plaintiff has not met his burden of demonstrating the need for the additional nineteen non-expert depositions.

Federal Rule of Civil Procedure 30 presumptively limits a party to ten depositions; a party may only exceed this number with leave of court or by stipulation of the parties. Fed. R. Civ. P. 30(a)(2)(A)(i). The presumptive limit is intended to "promote cost-effective discovery and promote the federal rules' policy of minimizing 'unreasonably cumulative or duplicative' discovery." *Thykkuttathil v. Keese*, 294 F.R.D. 597, 599 (W.D. Wash. 2013) (quoting Fed. R. Civ. P. 26(b)(2)(C); Fed. R. Civ. P. 30 Advisory Committee's Note (1993)). Some courts have determined that "[a] party seeking to exceed the presumptive limit bears the burden of making a 'particularized showing' of the need for additional depositions." *Thykkuttathil*, 294 F.R.D. at 600; *Kaseberg v. Conaco, LLC*, No. 15-cv-01637-JLS-DHB, 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016); *see also Nat. Res. Def. Council, Inc. v. Winter*, No. CV 057513-FMC-FMOx, 2008 WL 11338647, at *2 (C.D. Cal. July 11, 2008); *but see Pitkin v. Corizon Health, Inc.*, No. 3:16-CV-02235-AA, 2018 WL 1336047, at *2 (D. Or. Mar. 13, 2018) ("the Federal Rules of Civil Procedure do not require a moving party to make a particularized showing of necessity when seeking leave to take additional depositions.").

In making an evaluation, courts will consider "whether (1) the discovery sought is

4

unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive; (2) the party seeking discovery has ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the party's resources, and the importance of the proposed discovery in resolving the issues." *Andamiro U.S.A. v. Konami Amusement of Am., Inc.*, No. CV00-8561, 2001 WL 535667, at *2 (C.D. Cal. Apr. 26, 2001).

Here, Plaintiff's additional non-expert depositions are duplicative and unnecessary. The vast majority of the depositions sought by Plaintiff are for Hartford employees, who, Plaintiff asserts, "took different actions in relation to their review and handling of [P]laintiff's claim for benefits." (Doc. 28 at 6.) But Plaintiff has already deposed at least seven individuals who were involved in assessing his claim for benefits, and Defendant has provided Plaintiff with the claim file, which, according to Defendant, "document[ed] every action taken in Plaintiff's claim[.]" (Doc. 28 at 16, 18–19.) *See Sydney Rieman v. Cnty. of San Bernardino et al. Additional Party Names: Gloria Vazquez, K.B., Mirta Johnson*, No. 520CV362CBMSPX, 2021 WL 8918563, at *2 (C.D. Cal. Dec. 21, 2021) ("The mere fact that the witnesses are listed in the audit report is insufficient to warrant their deposition."); *Nevis v. Rideout Mem'l Hosp.*, No. 2:17-CV-02295-JAM-AC, 2019 WL 5596938, at *3 (E.D. Cal. Oct. 30, 2019) (denying motion for additional depositions where the defendant issued a comprehensive report). Plaintiff also seeks to depose a person most knowledgeable from the private investigative company that surveilled Plaintiff as part of Defendant's investigation into him prior to Defendant's decision to deny benefits. (Doc. 28 at 5.) But Plaintiff has already deposed the private investigator who surveilled him and provided relevant video footage to Defendant. (Doc. 28 at 16–19.) There is no indication in the record before the Court that the proposed deponents have information relevant to this case that Plaintiff does not already possess. Accordingly, the Court will deny Plaintiff's request for additional non-expert depositions.

**B.   Plaintiff Has Demonstrated Good Cause to Modify the Scheduling Order as to Seeking Expert Depositions**

As for the two expert depositions, the Court observes that the Motions were filed in advance

5

of the expert disclosures deadline on July 1, 2022, and the expert discovery deadline on August 22, 2022.  Plaintiff's ability to take those depositions depended on the Court's resolution of the Motions.  Accordingly, the Court finds good cause to re-open discovery to allow Plaintiff to take the two expert depositions, which would not have counted toward the ten-deposition limit under Rule 30.  *See Nosrati v. Provident Life & Accident Ins. Co.*, No. CV 17-5159-TJH (KSX), 2020 WL 1181497, at *4 (C.D. Cal. Mar. 10, 2020) ("Courts in this Circuit have declined to include expert deposition in the presumptive limit because these witnesses' opinions cannot be discovered from other sources; thus, the discovery is neither duplicative nor unreasonably cumulative.") (citing *Andamiro U.S.A v. Konami Amusement of Am., Inc.*, Case No. CV 00-8561, 2001 WL 535667, at *2 (C.D. Cal. Apr. 26, 2001) (finding experts "are not persons whose opinions could be discovered from other sources; therefore, the discovery sought is not duplicative or unreasonably cumulative") (internal citation and quotation marks omitted)); *see also C&C Jewelry*, 2011 WL 767839 at *1 (excluding expert depositions from the ten-deposition limit).

### IV.   CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to extend or, in the alternative, reopen, discovery (Doc. 26) and motion to take additional depositions (Doc. 27) are GRANTED IN PART and DENIED IN PART.  Plaintiff shall have thirty (30) days from the date of this order to take the depositions of the two expert witnesses, Dr. Thompson and Greg Jones.[1]

IT IS SO ORDERED.

Dated:   **September 26, 2022**              /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court observes that the parties' pretrial conference and trial are set for November 15, 2022, and January 9, 2023, respectively.  (Doc. 25.)  Should the parties wish to continue these dates, they may meet and confer and file a stipulation setting forth their proposed dates for Court approval.